UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PATRICIA M. O'HARA,

                Plaintiff,

      v.

ITT FLYGT CORPORATION,

                Defendant.

_____

DECISION & ORDER

04-CV-6523 (CJS)

        By order dated March 28, 2005, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 6).  Currently before the Court is plaintiff's motion for the appointment of counsel.  (Docket # 7).

        It is clear that the assignment of counsel is within the court's discretion.  *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir. 1983).  The factors to be considered in ruling on a motion for the appointment of counsel include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel."  *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)

        The court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Id.* at 172.  Therefore, the court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as

frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

In the instant matter, plaintiff has failed to adequately demonstrate a need for appointed counsel at this time.  Specifically, plaintiff has not indicated whether she has made any efforts to obtain counsel on her own behalf, nor has she demonstrated an inability to gather the facts and litigate this matter without counsel's assistance.  In addition, the Court notes that there is a very limited number of local attorneys willing and able to handle civil cases on a *pro bono* basis.  *See Jenkins*, 721 F.2d at 880.  Based on this review, plaintiff's motion for the appointment of counsel is denied without prejudice at this time.  It is the plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.  28 U.S.C. § 1654.

Further, in order to assist plaintiff in pursuing her case *pro se*, the Clerk of the Court is directed to send plaintiff a copy of the Court's booklet entitled Pro Se Litigation Guidelines.[1]

**IT IS SO ORDERED.**

s/Marian W. Payson  
MARIAN W. PAYSON  
United States Magistrate Judge

Dated: Rochester, New York  
       April  29 , 2005.

---

[1] Plaintiff should review the entire booklet, and then she should focus her attention on pages 14-19 of the Guidelines regarding discovery, since her lawsuit is in the discovery stage at this time.