UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA O'HARA,

                     Plaintiff,

      v.

ITT FLYGT CORPORATION,

                     Defendant.
_____

DECISION & ORDER

04-CV-6523CJS

          By order dated March 28, 2005, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 6).

          Plaintiff filed the original Complaint in this matter *pro so* in the State of New York, County of Monroe, City Court of Rochester, Civil Division.  The matter was thereafter removed to this Court on October 25, 2004.  (Docket # 1).  Currently pending is plaintiff's motion for leave to amend the Complaint and to join ITT Industries, Inc. as a party-defendant.  (Docket # 14).  By letter dated September 21, 2006, counsel for defendant has advised that it does not oppose plaintiff's motion.  (Docket # 24).

          Rule 15(a) of the Federal Rules of Civil Procedure provides that leaves to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182

(1962). *See Block v. First Blood Assocs.*, 988 F.2d 344, 350-51 (2d Cir. 1993) (affirming leave to amend because opposing party had not demonstrated prejudice resulting from such amendment).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

In addition, in considering whether to order the joinder of a mandatory additional party, Rule 19(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

In the instant matter, as stated above, defendant does not oppose plaintiff's motion. Considering the requirements of Rules 15 and 19 of the Federal Rules of Civil Procedure, the absence of opposition, and applying the above-cited authority, plaintiff's motion for leave to file an amended complaint and to join ITT Industries, Inc. as a party-defendant

2

**(Docket # 14)** is **GRANTED.** Plaintiff shall serve and file such Amended Complaint within twenty days of the receipt of this order.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       September  22 , 2006